MDL 1570

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

AUG 21 2003

FILED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE SEPTEMBER 11, 2001 TERRORIST ATTACKS LITIGATION** | **MDL DOCKET NO. __________** |

PLEADING NO. 1

**MOTION FOR TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407 BY DEFENDANT SBG**

In the aftermath of the September 11, 2001 terrorist attacks, thousands of victims and victim representatives have filed numerous lawsuits in multiple jurisdictions alleging a vast conspiracy on the part of hundreds of defendants located throughout the world to commit the 9/11 atrocities. (*See* jointly submitted Schedule of Actions). Defendant Saudi Binladin Group, Inc. ("SBG") hereby respectfully moves the Judicial Panel on Multidistrict Litigation for an order: (1) transferring these highly complex, virtually identical actions to a single federal district court; (2) consolidating them for pretrial proceedings; and (3) designating Judge James Robertson of the United States District Court for the District of Columbia as the transferee judge pursuant to 28 U.S.C. § 1407.[1]

[1] In filing this motion for transfer and consolidation pursuant to 28 U.S.C. § 1407, SBG does not intend to waive any affirmative defenses, including any defenses based on lack of personal jurisdiction.

OFFICIAL FILE COPY

IMAGED AUG 26 '03

In support of the transfer and consolidation of these actions, SBG avers the following, as will be set forth more fully in the accompanying memorandum:

1. To date, thousands of victims of September 11, 2001 have filed at least fifteen separate actions[2] against hundreds of defendants alleged to have conspired to commit the terrorist attacks on the World Trade Center, the Pentagon, and United Airlines Flight 93, which crashed in Shanksville, Pennsylvania. Two of the most recent cases were just filed in July, 2003. Eleven of these actions were filed in the Southern District of New York, three were filed in the District of Columbia, and one was filed in the District of New Jersey. Six of the actions filed in New York have been consolidated, and another three are pending independently. Two of the New York actions and the New Jersey action have been dismissed without prejudice. Thus, seven separate actions ("the 9/11 actions") remain pending in two judicial districts.

2. There are literally thousands of named plaintiffs in the 9/11 actions, and two of the complaints seek class action treatment pursuant to Fed. R. Civ. P. 23. The 9/11 plaintiffs have named roughly 500 defendants,[3] approximately 245 of which are common to three or more

[2] After SBG's counsel had finalized the Memorandum and Schedule of Action accompanying this Motion and was preparing for filing, we became aware that an additional action was filed in the S.D.N.Y. According to the plaintiffs, this new action is "materially identical" to an action already pending in the D.D.C. and has been filed "solely as a prophylactic measure" to protect the D.C. plaintiffs from, *inter alia*, a lack of subject matter jurisdiction in the D.C. action. For logistical reasons, SBG's Memorandum and Schedule of Actions do not address this new action.

[3] These statistics were compiled by counsel for SBG and are based upon the captions of the most recent complaints filed in each of the relevant actions. While it is possible that certain defendants have been named multiple times in a single complaint in varying forms (*see, e.g.*, *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Third Amended Complaint at 190-91 (listing as defendants: "M. Yaqub Mirza," "Yaqub M. Mirza," and "Yaqub Mirza")), at this time SBG cannot verify that these separately named defendants are not distinct individuals.

of the 9/11 actions. More than 400 of these defendants are named in at least two of the proceedings. SBG is named as a defendant in all of the 9/11 actions except one.

3. The 9/11 actions seek to demonstrate that this extremely large group of defendants conspired with, aided and abetted, and materially supported al Qaeda, thereby proximately causing the 9/11 attacks.

4. As required by 28 U.S.C. § 1407(a), the cases proposed for transfer and consolidation "involv[e] one or more common questions of fact" inasmuch as they are premised on nearly identical factual allegations regarding the cause of and culpability for the 9/11 attacks.

5. Moreover, transfer and consolidation of these cases "will be for the convenience of parties and witness and will promote the just and efficient conduct of the actions." 28 U.S.C. § 1407(a). For example, consolidation of these actions before a single court will eliminate duplicative discovery and the issuance of duplicative letters rogatory by multiple courts, prevent conflicting pretrial rulings, conserve judicial resources, reduce the costs of litigation for the thousands of parties involved, and allow the cases to proceed more efficiently.

6. Also in furtherance of these goals, SBG respectfully submits that the Honorable James Robertson of the U.S. District Court for the District of Columbia ("D.D.C.") is best suited to preside over these cases as the transferee judge. Judge Robertson is already presiding over *Burnett, et al. v. Al Baraka Investment & Development Corp., et al.*, the 9/11 action that is the most advanced; in fact, Judge Robertson just rendered, on July 25, 2003, a fifty-page opinion granting in part and denying in part the first five motions to dismiss the *Burnett* case. Judge Robertson also has prior experience handling these types of terrorism cases. In addition, the District of Columbia is geographically accessible to the parties and witnesses and the D.D.C. has

a particular expertise in adjudicating lawsuits that involve the interests of foreign nations, U.S. foreign relations, and matters of national security.

WHEREFORE, SBG respectfully requests that the Judicial Panel on Multidistrict Litigation issue an order: (1) transferring the cases listed in the Schedule of Actions to a single federal district court; (2) consolidating them for pretrial proceedings; and (3) designating Judge James Robertson of the United States District Court for the District of Columbia as the transferee judge pursuant to 28 U.S.C. § 1407.

Dated: August 7, 2003

Respectfully submitted,

Stephen J. Brogan (D.C. Bar # 939082)
Jonathan C. Rose
Timothy J. Finn
James E. Gauch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

*Attorneys for Defendant SBG*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 1 2003

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE SEPTEMBER 11, 2001 TERRORIST ATTACKS LITIGATION** | **MDL DOCKET NO. __________** |

**MEMORANDUM IN SUPPORT OF MOTION FOR TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407 BY DEFENDANT SBG**

This memorandum is respectfully submitted pursuant to 28 U.S.C. § 1407 and Rule 7.2(a)(i) of the Rules of the Judicial Panel on Multidistrict Litigation in support of the motion for transfer and consolidation by Defendant Saudi Binladin Group, Inc. ("SBG"). The seven pending cases proposed for transfer and consolidation ("the 9/11 actions," as listed in the jointly submitted Schedule of Actions) each arise out of the terrorist attacks of September 11, 2001 and allege that hundreds of defendants conspired to commit those attacks. The 9/11 actions satisfy all of the statutory requirements for transfer and consolidation found in the Multidistrict Litigation ("MDL") statute, 28 U.S.C. § 1407. In particular, as demonstrated below, the nearly identical 9/11 actions are currently "pending in different districts" and involve numerous "common questions of fact." *Id.* Moreover, their transfer and consolidation will further "the convenience of parties and witnesses and will promote the just and efficient conduct" of the actions by: (1) eliminating duplicative discovery and letters rogatory, which is especially

important in this international context; (2) preventing conflicting pretrial rulings; (3) conserving judicial resources; (4) reducing the costs of litigation for the thousands of parties involved; and (5) allowing the cases to proceed more efficiently. *Id.*

SBG respectfully submits that Judge James Robertson of the U.S. District Court for the District of Columbia is most appropriately situated to preside over the 9/11 actions should the Panel grant this motion for transfer and consolidation.[1]

## BACKGROUND OF THE LITIGATION AND FACTUAL CONTENTIONS

### I. EVENTS GIVING RISE TO THE CLAIMS

These cases stem from the horrific terrorist attacks of September 11, 2001, in which hijackers crashed two aircraft into the World Trade Center in New York City, one into the Pentagon in Northern Virginia, and one into a field in Shanksville, Pennsylvania. The United States government has stated that the al Qaeda terrorist organization is responsible for committing those atrocious acts. Through the 9/11 actions, the victims of this tragedy and their representatives allege that several hundred individuals, banks, corporations, foundations, organizations, and governments conspired with, aided and abetted, and materially supported al Qaeda in the commission of the 9/11 terrorist attacks.

---

[1] In filing this motion for transfer and consolidation pursuant to 28 U.S.C. § 1407, SBG does not intend to waive any affirmative defenses, including any defenses based on lack of personal jurisdiction.

## II. PROCEDURAL HISTORY

The following fifteen actions[2] were filed by victims of the 9/11 tragedy alleging that hundreds of defendants throughout the world conspired to fund and support al Qaeda in the commission of the 9/11 terrorist attacks:

1. *Havlish, et al. v. Bin-Laden, et al.*, Case No. 1:02cv305 (D.D.C.) (Robertson, J.) (filed February 19, 2002) (Amended Complaint ("*Havlish* Compl."))

2. *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 1:02cv1616 (D.D.C.) (Robertson, J.) (filed August 15, 2002) (Third Amended Complaint ("*Burnett* Compl."))

3. *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 1:02cv6977 (S.D.N.Y.) (Casey, J.) (filed September 4, 2002) (Consolidated Master Complaint ("*Ashton* Compl."))

4. *Beyer, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 1:02cv6978 (S.D.N.Y.) (filed September 4, 2002) (consolidated with *Ashton*)

5. *Bauer, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 1:02cv7236 (S.D.N.Y.) (filed September 9, 2002) (consolidated with *Ashton*)

6. *Burlingame, et al. v. Osama bin Laden, et al.*, Case No. 1:02cv7230 (S.D.N.Y.) (filed September 10, 2002) (consolidated with *Ashton*)

7. *Mayore Estates, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 1:02cv7214 (S.D.N.Y.) (filed September 10, 2002) (consolidated with *Ashton*)

8. *Schneider, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 1:02cv7209 (S.D.N.Y.) (filed September 10, 2002) (consolidated with *Ashton*)

9. *Duch, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 1:02cv4405 (D.N.J.) (filed September 10, 2002) (docket closed on February 28, 2003)

---

[2] After SBG's counsel had finalized this Memorandum and was preparing it for filing, SBG became aware that an additional action was filed in the S.D.N.Y. This action is captioned *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 1:03cv5738 (S.D.N.Y.). According to the plaintiffs, this new action is "materially identical" to the *Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.* action that has been pending in the D.D.C. since August of 2002. Plaintiffs have filed this new action, which they seek to "plac[e] on the suspense docket," "solely as a prophylactic measure" to protect the D.C. plaintiffs from, *inter alia*, a lack of subject matter jurisdiction in the D.C. action. Complaint at 265 ("Preliminary Statement"). Due to this timing, SBG's Memorandum does not address this new action.

10. *Iwachiw, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 1:02cv7303 (S.D.N.Y.) (filed September 11, 2002) (docket closed on July 29, 2003)

11. *Tremsky, et al. v. Osama bin Laden, et al.*, Case No. 1:02cv7300 (S.D.N.Y.) (Daniels, J.) (filed September 11, 2002) ("*Tremsky* Compl.")

12. *Doe v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 1:02cv1980 (D.D.C.) (Robertson, J.) (filed October 7, 2002) ("*Doe* Compl.")

13. *Adone, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Case No. 1:02cv8190 (S.D.N.Y.) (filed October 16, 2002) (docket closed on October 29, 2002)

14. *Salvo v. Al Qaeda Islamic Army, et al.*, Case No. 1:03cv5071 (S.D.N.Y.) (Unassigned, but referred to Hellerstein, J.) (filed July 8, 2003) ("*Salvo* Compl.")

15. *York, et al. v. Al Qaeda Islamic Army, et al.*, Case No. 1:03cv5493 (S.D.N.Y.) (Unassigned) (filed July 24, 2003) ("*York* Compl.")[3]

On November 19, 2002, *Ashton*, *Bauer*, *Beyer*, *Burlingame*, *Mayore Estates*, and *Schneider* were consolidated in the S.D.N.Y. before Judge Allen G. Schwartz under the *Ashton* caption. A consolidated master complaint was filed on March 6, 2003. Upon the death of Judge Schwartz in March of 2003, the consolidated *Ashton* action was reassigned to Judge Richard C. Casey. Another of the S.D.N.Y. actions, *Tremsky*, was originally assigned to Judge John S. Martin, Jr. and has now been reassigned to Judge George B. Daniels. *Salvo*, the S.D.N.Y. action that was filed in early July, has been referred to Judge Alvin K. Hellerstein. No judge has yet been assigned to the *York* action, which was just filed in the S.D.N.Y. on July 24, 2003. The D.D.C. actions, *Havlish*, *Burnett* and *Doe*, have been assigned to Judge James Robertson. *Adone*, *Iwachiw*, and *Duch* – in the S.D.N.Y. and the D.N.J.– have each been dismissed without prejudice. Thus, at present, six of the S.D.N.Y. actions are consolidated in a single proceeding before Judge Casey; another is pending before Judge Daniels; another is pending, at least

[3] SBG has provided the Panel with courtesy copies of the latest complaints filed in the seven pending actions proposed for consolidation. *See* Schedule of Actions. Citation will be made to these complaints throughout this memorandum in accordance with the short citation form listed above.

temporarily, before Judge Hellerstein; and still another has yet to be assigned. Three actions are pending before Judge Robertson in the D.D.C.

Of these, the *Burnett* action before Judge Robertson in the District of Columbia is by far the most advanced. Twenty-seven defendants have entered appearances in the *Burnett* case,[4] 19 of whom have already filed motions to dismiss. Indeed, Judge Robertson denied one Rule 12(b)(2) motion on March 18, 2003. He heard oral argument on five motions to dismiss the *Burnett* action on June 24, 2003, and issued a ruling granting in part and denying in part these motions on July 25, 2003. The first motion to dismiss the *Ashton* case is due to be filed on September 9, 2003.

To the best of SBG's knowledge, no discovery has been taken or ordered in any of the 9/11 actions, although plaintiffs in the *Burnett* action in D.C. have obtained, through letters rogatory issued by Judge Robertson, documents from several foreign governments. Plaintiffs in *Burnett* also sought limited discovery pertaining to one of the defendants; their motion was argued on June 24, 2003, and was denied by Judge Robertson on July 7, 2003. The plaintiffs in the *Havlish* and *Tremsky* cases seek class action treatment pursuant to Fed. R. Civ. P. 23. *See Havlish* Compl., ¶¶ 362-67; *Tremsky* Compl., ¶ 284.

SBG was first served in the 9/11 actions by publication in the *Burnett* action (D.D.C.) on June 27, 2003.

---

[4] Only one defendant has entered an appearance in the *Ashton* consolidated action, and it seems that no appearances have been made in *Havlish*, *Doe*, *Tremsky*, *Salvo*, and *York*.

## III. FACTUAL ALLEGATIONS

The thousands of 9/11 plaintiffs have named roughly 500 defendants,[5] approximately 245 of which are common to three or more of the 9/11 actions. More than 400 of these defendants are named in at least two of the proceedings. SBG is named as a defendant in all of the 9/11 actions except *Havlish*.

Each of the 9/11 actions raise virtually identical factual allegations about the causes of the September 11, 2001 terrorist attacks. In particular, the plaintiffs in each of these actions assert the existence of a broad, global conspiracy to fund and support al Qaeda with full knowledge of its terrorist goals and an intent to further them.[6] On this theory, the plaintiffs make general indictments against the Islamic banking system; the governments and high-ranking officials of Saudi Arabia, Iraq, Iran, and the Sudan; dozens of Islamic charities, foundations, and organizations throughout the world; and many Muslim-owned businesses both in the U.S. and abroad.[7] Plaintiffs claim that these defendants knowingly and intentionally provided the means

---

[5] These statistics were compiled by counsel for SBG and are based upon the captions of the most recent complaints filed in each of the relevant actions. While it is possible that certain defendants have been named multiple times in a single complaint in varying forms (*see, e.g., Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al.*, Third Amended Complaint at 190-91 (listing as defendants: "M. Yaqub Mirza," "Yaqub M. Mirza," and "Yaqub Mirza")), at this time SBG cannot conclude that these separately named defendants are not distinct individuals.

[6] *See, e.g., Ashton* Compl., ¶ 24 ("The horrific events of September 11th were the result of a world-wide terror conspiracy against the United States involving defendants who have conspired for many years to attack the United States and murder United States' citizens and who ultimately conspired, aided and abetted, sponsored, planned and executed the September 11th terror attacks . . . ."); *Salvo* Compl., ¶ 24 (same); *York* Compl., ¶ 28 (generally same); *Burnett* Compl. at 199 (generally same); *Tremsky* Compl. at 7 (generally same); *Doe* Compl., ¶ 10 (generally same); *Havlish* Compl., ¶ 274 (generally same).

[7] *See, e.g., Ashton* Compl., ¶¶ 13-23 (indicting the governments and officials of Iraq, Iran, and the Sudan for participation in the 9/11 attacks and stating that "the [other] co-conspirator sponsor defendants are individuals, organizations, banks and charities located in Saudi Arabia and other parts of the world who conspired with . . . AL QAEDA . . . to raise, launder, transfer, distribute and hide funds . . . in order to support and finance their terrorist activities"); *Salvo* Compl., ¶¶ 13-23

to create al Qaeda, to foster its growth, and to execute its terrorist plans.[8] They assert that the hundreds of defendants are each jointly and severally liable for the terrorist attacks of 9/11.[9]

The 9/11 actions also assert very similar theories of liability. Each of the actions contain federal claims under the Anti-Terrorism Act ("ATA") and the Torture Victim Protection Act ("TVPA") along with state law claims for survival and punitive damages.[10] Many of the actions also contain federal claims for violations of the Foreign Sovereign Immunities Act ("FSIA"), the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), the Alien Tort Claims Act ("ATCA"), and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as well as state law claims for wrongful death, negligence, assault and battery, negligent and/or intentional infliction of emotional distress, conspiracy, aiding and abetting, and property damage.[11]

The basic theory is also the same: Defendants allegedly conspired to fund and support al Qaeda knowing and intending that terrorist attacks like those of September 11, 2001 would be

---

(same); *York* Compl., ¶ 27 (generally same); *Burnett* Compl. at 203 (generally same); *Tremsky* Compl. at 10 (generally same); *Havlish* Compl., ¶¶ 235-38, 264 (generally same); *see generally Doe* Compl.

[8] *See, e.g., Ashton* Compl., ¶ 5 ("Defendants are co-conspirators who intentionally, willfully and knowingly conspired, planned, financed, supported, executed and carried out a plan to murder, maim and injure United States' citizens, residents and others on September 11, 2001"); *Salvo* Compl., ¶ 5 (same); *York* Compl., ¶ 13 (same); *Burnett* Compl. at 217 (generally same); *Tremsky* Compl. at 6 (generally same); *Havlish* Compl., ¶¶ 265, 275 (generally same); *see generally Doe* Compl.

[9] *See, e.g., Ashton* Compl., ¶ 600; *Burnett* Compl. at 217; *Doe* Compl., ¶ 221; *Tremsky* Compl., ¶ 228; *Salvo* Compl., ¶ 600; *York* Compl., ¶ 276; *Havlish* Compl., ¶ 320.

[10] *See Ashton* Compl., ¶¶ 601-03, 607-13, 620-21; *Burnett* Compl., ¶¶ 641-52, 668-70, 715-17; *Doe* Compl., ¶¶ 222-25, 240-42, 261-65, 277-79; *Tremsky* Compl., ¶¶ 225-28, 235-37, 257-61, 273-75; *Salvo* Compl., ¶¶ 601-03, 606-12, 619-20; *York* Compl., ¶¶ 266-70, 274-76, 298-303, 318-21; *Havlish* Compl., ¶¶ 321-24, 335-37, 350-56.

[11] *See Ashton* Compl., ¶¶ 599-600, 604-06, 614-19, 622-24; *Burnett* Compl., ¶¶ 635-40, 653-67, 671-714; *Doe* Compl., ¶¶ 216-21, 226-39, 243-60, 266-76; *Tremsky* Compl., ¶¶ 219-24, 229-34, 238-56, 262-72, 276-83; *Salvo* Compl., ¶¶ 599-600, 604-05, 613-18; *York* Compl., ¶¶ 250-65, 271-73, 277-97, 304-17, 322-27; *Havlish* Compl., ¶¶ 317-20, 325-34, 338-49, 357-361.

committed against Americans. Thus, each of the 9/11 actions ultimately boils down to a common factual question: Did each of the named defendants knowingly and intentionally provide material support to al Qaeda for the purpose of committing the 9/11 attacks?

**ARGUMENT**

## I. THESE ACTIONS WARRANT TRANSFER AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407

The MDL statute provides that civil actions "pending in different districts" and "involving one or more common questions of fact" may be transferred to a single judicial district for consolidated pretrial proceedings. 28 U.S.C. § 1407(a). "Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* The Panel has repeatedly held that transfer and consolidation is appropriate where it will serve the objective of § 1407, which is "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort on the part of the parties, the attorneys, the witnesses, and the courts." *Moore's Federal Practice, Manual for Complex Litigation (Third)*, § 31.131 at 286 (3d ed. 2000) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)). Applying this standard, it is clear that transfer and consolidation of the 9/11 actions is especially warranted.

### A. The 9/11 Actions, Pending In Multiple Districts, Involve Complex Common Questions Of Fact And Law

There can be no doubt that all of the 9/11 actions present common "complex factual questions." *In re First Nat'l Bank, Heavener, Okla. Sec. Litig.*, 451 F. Supp. 995, 997 (J.P.M.L. 1978) (granting transfer where common "complex factual questions" made consolidation of two actions "necessary"); *In re CBS Licensing Antitrust Litig.*, 328 F. Supp. 511, 512 (J.P.M.L. 1971)

(consolidating two "broad and complex" actions that had "no common defendants"). The factual questions in each 9/11 action center around whether the numerous common defendants knowingly and intentionally funded, aided, or otherwise supported al Qaeda, thereby proximately causing the attacks on the World Trade Center, the Pentagon, and United Airlines Flight 93. For example, all of the 9/11 actions allege that Islamic banking institutions knowingly funneled money to al Qaeda and other terrorist organizations.[12] Likewise, the 9/11 actions all allege that the governments of Iraq, Iran, the Sudan, and/or the ruling family of Saudi Arabia provided material support to al Qaeda and other terrorist groups in furtherance of terrorist acts.[13] Each of the 9/11 actions allege that Islamic charitable defendants knowingly and intentionally served as "fronts" for al Qaeda and other terrorist organizations, collecting money for supposed humanitarian purposes and using it instead to realize terrorist goals.[14] And all of the 9/11 actions allege that wealthy Arabic individuals and businesses, primarily those in Saudi Arabia, used the Islamic system of tithing ("zakat"), as well as other means, to donate to these charitable fronts

---

[12] *See, e.g., Ashton* Compl., ¶¶ 54, 62-70, 355-58, 360-70, 376, 380, 470, 474-75, 485-88, 518-19, 525-26; *Burnett* Compl., ¶¶ 40-149; *Doe* Compl., ¶¶ 11-75; *Tremsky* Compl., ¶¶ 13-75; *Salvo* Compl., ¶¶ 54, 62-70, 355-58, 360-70, 376, 380, 470, 474-75, 485-88; *York* Compl., ¶¶ 130, 156-57, 159, 180, 190-229; *see also Havlish* Compl., ¶¶ 237, 261-64.

[13] *See, e.g., Ashton* Compl., ¶¶ 27-31, 47, 60, 76, 80, 83, 86, 88-96, 111, 113, 117, 126, 141-45, 159, 194, 210, 212, 216, 242, 244-85, 301; *Burnett* Compl., ¶¶ 69-70, 339-408, 431-32, 469-501; *Doe* Compl., ¶¶ 180-215; *Tremsky* Compl., ¶¶ 180-218; *Salvo* Compl., ¶¶ 27-31, 47, 60, 76, 80, 83, 86, 88-96, 111, 113, 117, 126, 141-45, 159, 194, 210, 212, 216, 242, 244-85, 301; *York* Compl., ¶¶ 21-26, 31-34, 50-53, 63-64, 78, 142-146; *Havlish* Compl., ¶¶ 151-52, 158, 162-233, 235, 239-60, 263, 276.

[14] *See, e.g., Ashton* Compl., ¶¶ 311-18, 344, 349-52, 373-75, 379-472, 490-517, 528-39, 545-85, 594; *Burnett* Compl., ¶¶ 150-308, 330-34, 415-26, 586-623; *Doe* Compl., ¶¶ 76-164; *Tremsky* Compl., ¶¶ 76-164; 171-75; *Salvo* Compl., ¶¶ 311-18, 344, 349-52, 373-75, 379-472, 490-517, 528-39, 545-85, 594; *York* Compl., ¶¶ 38-39, 130, 146-47, 155, 158-61, 163-76, 179, 181-89, 230-37, 242-49; *see also Havlish* Compl., ¶¶ 237, 261-64.

and to al Qaeda itself, knowing and intending that the funds would be put toward terrorist aims.[15]

While shared among all of the actions, these factual questions will require a careful examination of the circumstances of each of the hundreds of defendants, creating a complex web to be unraveled during the discovery process. The Panel has repeatedly held that consolidation is warranted in such circumstances. *See, e.g., In re Petroleum Prods. Antitrust Litig.*, 393 F. Supp. 1091, 1092 (J.P.M.L. 1975) (consolidating two actions involving "extremely complex" common factual issues and twelve common defendants); *In re Clark Oil & Refining Corp. Antitrust Litig.*, 364 F. Supp. 458, 459 (J.P.M.L. 1973) (transferring "two treble damage antitrust class actions," in part because of the "complexity of [the] factual issues").

Likewise, the 9/11 actions share many complicated questions of law, some of which will likely present issues of first impression. To use just one example, all of the 9/11 actions rest primarily on a claimed violation of the ATA. These claims are brought pursuant to 18 U.S.C. § 2333, which has rarely been tested. In fact, only one federal appellate court has ever interpreted this provision. *See Boim v. Quranic Literacy Inst. & Holy Land Found.*, 291 F.3d 1000 (7th Cir. 2002). The actions also present many novel questions regarding the possibility of imposing liability under a variety of statutes for allegedly funding terrorist organizations. Thus, the 9/11 actions all share important, complex legal questions that must be addressed by the courts at the motion to dismiss and/or summary judgment stages. The Panel has held that the existence of such common pretrial issues of law militates in favor of consolidation under the MDL statute. *See, e.g., In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613

---

[15] *See, e.g., Ashton* Compl., ¶¶ 324-46, 352, 357-58, 368, 466, 474, 518-19, 540-44, 586-93; *Burnett* Compl. at 209-10, ¶¶ 41-44, 309-329, 335-36, 429-32, 433-68, 502-42, 624-30; *Doe* Compl., ¶¶ 165-79; *Tremsky* Compl., ¶¶ 165-70, 176-79; *Salvo* Compl., ¶¶ 324-46, 352, 357-58, 368, 466, 474, 518-19, 540-44, 586-93; *York* Compl., ¶¶ 38-39, 130, 148-58, 162, 177-78, 239; *see also Havlish* Compl., ¶¶ 237, 261-65.

(J.P.M.L. 1974) (granting transfer because "a single ruling on this preliminary question [will] conserv[e] judicial time and resources and preven[t] the possibility of any inconsistent rulings"); *In re Mutual Fund Sales Antitrust Litig.*, 361 F. Supp. 638, 640 (J.P.M.L. 1973) (listing the existence of common threshold legal issues as a factor favoring transfer and consolidation).[16]

### B. Transfer And Consolidation Of These Actions Promotes Their Just And Efficient Resolution And Serves The Convenience Of Parties And Witnesses

The 9/11 actions are also appropriate for MDL treatment because their transfer and consolidation will further "the convenience of parties and witnesses and . . . promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Specifically, transfer and consolidation of the 9/11 actions will: (1) eliminate duplicative discovery, which would otherwise be prevalent; (2) prevent conflicting pretrial rulings on important legal issues; (3) conserve judicial resources; (4) reduce the costs of litigation for the thousands of parties involved; and (5) allow the cases to proceed in a more efficient and organized fashion. *See In re Charter Communications., Inc. Sec. Litig.*, 254 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) ("Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel and the judiciary"); *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (same).

---

[16] The fact that the legal causes of action raised by the 9/11 actions are not identical is of no consequence. *See In re Air Crash Disaster In the Ionian Sea*, 407 F. Supp. 238, 239-40 (J.P.M.L. 1974) (when the proposed actions present complex common questions of fact and the purposes of the MDL statute would be served by transfer and consolidation, the appropriateness of MDL treatment "is not undermined by the presence of differing legal theories in some of th[e] actions"). Likewise, "Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer." *See In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002) (rejecting objection that certain actions involved additional parties and claims).

1. <u>MDL Treatment Of The 9/11 Actions Will Eliminate Duplicative Discovery</u>

While more than 400 of the 9/11 defendants are named in more than one action, there is very little overlap among the plaintiffs and their counsel. Accordingly, without MDL transfer and consolidation, the defendants would find themselves subjected to highly duplicative discovery demands in each proceeding. Witnesses similarly would be subjected to redundant depositions and third-party document subpoenas for each action. Moreover, the factual discovery in the 9/11 actions will be extremely complicated and time-consuming – even without a large amount of duplication – because there are hundreds of defendants, each with distinct factual scenarios, and most of the witnesses and evidence are located abroad. For this reason, foreign governments and prosecutorial authorities would also be subject to duplicative demands through letters rogatory issued by multiple judges. As the Panel has previously stated, "[t]he international aspects of this litigation greatly increase the complexity of the factual and legal questions and the discovery problems." *In re Uranium Industry Antitrust Litig.*, 458 F. Supp. 1223, 1229 (J.P.M.L. 1978).

Transfer and consolidation of these actions under the MDL statute would prevent problems of duplicative discovery and letters rogatory. It also would add efficiency and organization to the process of conducting the complex international discovery that will be required in the 9/11 actions. MDL treatment is therefore not only appropriate but "necessary." *In re Commonwealth Oil/Tesoro Petroleum Sec. Litig.*, 458 F. Supp. 225, 229 (J.P.M.L. 1978) (holding that transfer was "necessary" because Panel's "finding of substantial common questions of fact among these four actions is augmented by the presence of nine common defendants . . . in all four actions"); *In re A.H. Robins Co., Inc. "Dalkon Shield" IUD Prod. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975) (where "an analysis of the complaints reveals a commonality of

factual issues," transfer "is necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings"); *see Heritage Bonds*, 217 F. Supp. 2d at 1370 (transferring five actions pending in two judicial districts because "transfer . . . has the benefit of placing all actions . . . before a single transferee judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity occurring in other actions").

2. Transfer And Consolidation Will Prevent Inconsistent Pretrial Rulings On Important Questions Of Law

The potential for inconsistent rulings has long been a primary factor in determining whether cases should be consolidated under § 1407. *See, e.g.*, *First Nat'l Bank*, 451 F. Supp. at 997 (holding transfer "necessary, even though only two actions are involved, in order to prevent duplicative pretrial proceedings and eliminate the possibility of inconsistent pretrial rulings"); *see also In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 844 F. Supp. 1553, 1554 (J.P.M.L. 1994); *Petroleum Prods.*, 393 F. Supp. at 1092; *Roadway Express*, 384 F. Supp. at 613; *Clark Oil*, 364 F. Supp. at 459. The 9/11 actions present for decision many important, yet rarely addressed legal questions. *See supra* page 10. The absence of authority on these legal points creates a heightened risk of inconsistent pretrial rulings and renders MDL treatment of these cases all the more appropriate. Given the emotional and high-profile nature of these claims, which implicate matters of U.S. foreign policy and national security, the risk of inconsistent rulings should be avoided at all costs. *Cf. Republic of Iraq v. First Nat'l City Bank*, 353 F.2d 47, 50 (2d Cir. 1965) ("It is fundamental to our constitutional scheme that in dealing with other nations the country must speak with a united voice.").

3. MDL Treatment Is Necessary To Conserve Judicial Resources And Reduce The Costs Expended By The Thousands Of Parties And Witnesses

Transfer and consolidation of the 9/11 actions is also appropriate because it will conserve judicial, party, and witness resources. Because of the considerable overlap of complex legal and factual issues that will need to be resolved prior to trial in these actions, particularly at the motion to dismiss and summary judgment stages, consolidation of these actions in a single court will prevent duplicative efforts not only by the parties, but also by the courts. Rather than having multiple judges ruling on virtually identical, highly complex motions simultaneously, judicial economy and consistency would be furthered by having only one such motion filed and ruled upon by a single judge. *See, e.g., In re Air Crash Near Van Cleve*, 486 F. Supp. 926, 928 (J.P.M.L. 1980) (transfer "will ensure the streamlining of discovery and all other pretrial proceedings").

Transfer will also minimize the inconvenience to parties and witnesses. Given that the majority of defendants and witnesses in these cases hail from outside the United States, consolidation and transfer of the 9/11 actions would alleviate the considerable burden that would be placed upon these persons and their counsel if the numerous actions were allowed to proceed piecemeal in multiple locations. Without MDL treatment, the many foreign defendants and witnesses (and their respective lawyers) would be forced to travel needlessly to appear at status and scheduling conferences for multiple actions in multiple districts, hearings for multiple actions in multiple districts, depositions for multiple actions in multiple districts, and so on. There can be no doubt that transfer and consolidation is warranted here. *See, e.g., In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981) (transfer appropriate because it could "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities").

4. Transfer And Consolidation Will Allow For A More Organized And Efficient Resolution Of The 9/11 Actions

Finally, MDL treatment of the 9/11 actions will allow for an organized and efficient resolution of the cases that otherwise would not occur. These actions are not amenable to the separate coordinating efforts among several judges that might be possible under different circumstances. Although the number of actions pending is not unmanageable *per se*, the sheer number of defendants facing virtually identical, factually complex allegations and legally complex arguments in multiple forums would make informal, voluntary cooperation by parties and judges – even assuming that all of the thousands of plaintiffs and their respective counsels would be willing to cooperate – virtually impossible. *See In re Haven Indus., Inc. Sec. Litig.*, 415 F. Supp. 396, 397-98 (J.P.M.L. 1976) (rejecting any "voluntary coordination" alternatives "in light of the fact that the two actions share 28 common defendants" and raise "complex" common factual questions requiring "time-consuming" discovery; transfer was warranted to prevent "needless[] duplicat[ion]" of discovery efforts and to "streamlin[e] . . . the pretrial process"); *see also Heritage Bonds*, 217 F. Supp. 2d at 1370 (consolidating five complex actions pending in two judicial districts and rejecting voluntary "cooperation" as an alternative).

The 9/11 actions present exactly the situation that the MDL statute was designed to address. They should be transferred and consolidated pursuant to 28 U.S.C. § 1407.

## II. THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA IS THE MOST APPROPRIATE TRANSFEREE FORUM

SBG respectfully submits that all of the 9/11 actions should be transferred to the United States District Court for the District of Columbia and consolidated before Judge James Robertson. This court is the most appropriate transferee forum for three primary reasons.[17]

*First*, consolidation in the District of Columbia best advances the interests of judicial efficiency, as Judge Robertson not only has the most experience addressing the issues presented by the 9/11 actions, but also has experience handling terrorism cases generally.[18] As noted above, motions to dismiss have already been fully briefed and argued before Judge Robertson in the D.D.C., and he has rendered his first ruling on such motions. Judge Robertson likewise has rendered rulings on service of process by publication – the first round of which has already been fully executed according to his order – and jurisdictional discovery. He also has issued letters rogatory to authorities in four different countries. Because one of the actions currently pending in the District of Columbia before Judge Robertson is the most advanced, consolidation in that district is particularly appropriate. *See, e.g.*, *In re America Online, Inc. Cmty. Leaders Litig.*, 198 F. Supp. 2d 1381, 1381 (J.P.M.L. 2002) (centralizing three actions in the S.D.N.Y. because, *inter alia*, the action pending there was the "furthest advanced"); *In re Pantopaque Prods. Liab. Litig.*,

---

[17] Section 1407 allows only for the transfer and consolidation of actions for pre-trial proceedings, *see Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998) (holding that the transferee court had no authority to transfer MDL cases to itself for trial under 28 U.S.C. § 1404(a) because the MDL statute's plain language requires remand to the transferor court), and SBG's argument regarding the appropriate transferee forum is based solely on pre-trial considerations. SBG fully reserves its right to seek a different forum for trial purposes if appropriate.

[18] *See Ungar v. Islamic Republic of Iran*, 211 F. Supp. 2d 91 (D.D.C. 2002) (Robertson, J.) (ruling on merits of a default judgment against Iran where FSIA claim was based on terrorist acts of murder allegedly committed by HAMAS); *Doe v. Islamic Salvation Front*, 257 F. Supp. 2d 115 (D.D.C. 2003) (Robertson, J.) (granting summary judgment for defendant in ATCA claim arising out of alleged repeated terrorist acts committed by extremist Islamic groups in Algeria).

787 F. Supp. 229, 230 (J.P.M.L. 1992) (selecting transferee forum where "the first-filed and most advanced action is pending"); *In re Cont'l Grain Co.*, 482 F. Supp. 330, 333 (J.P.M.L. 1979) (transferring cases to a particular district because, *inter alia*, the action filed in that district was "clearly the most advanced" and "the judge [was therefore] most familiar with this litigation").

Indeed, it would be a gross waste of judicial resources to require another judge to develop the experience and expertise regarding the 9/11 actions that Judge Robertson already possesses. *See, e.g.*, *In re MLR, LLC, Patent Litig.*, ___ F. Supp. 2d ___, ___, 2003 WL 21537915, at *1-*2 (J.P.M.L. July 1, 2003) (centralizing three actions in a particular forum because the judge assigned to the action already pending there had spent a considerable amount of time familiarizing herself with the complex issues of the case and because the forum was also centrally located and easily accessible for all parties);[19] *In re Aircraft Accident at Barrow*, 474 F. Supp. 996, 1000 (J.P.M.L. 1979) (choosing D.D.C. as the transferee forum because, *inter alia*, the case filed there was the "most advanced" and the D.D.C. judge had developed "familiarity . . . with th[e] litigation as a result of the pretrial proceedings that ha[d] already been conducted"); *In re Ownership of Longoria Bank Deposits Litig.*, 431 F. Supp. 913, 916 (J.P.M.L. 1977) (selecting the forum where the pending action was "more advanced" and the judge had "become thoroughly familiar with the complex factual issues presented"); *Haven Indus.*, 415 F. Supp. at 398 (generally same); *Petroleum Prods.*, 393 F. Supp. at 1092 (generally same). His orderly advancement of the *Burnett* action to the motion to dismiss stage – as compared with the other 9/11 actions where no motions to dismiss have even been filed – suggests not only Judge

---

[19] The District of Columbia is easily accessible to all of the parties and witnesses, including the many that reside abroad, given the three major airports that service the metropolitan area.

Robertson's willingness to handle such complex, high-profile actions but also his capability to do so efficiently and effectively.

*Second*, the *Burnett* case is also among the broadest of the 9/11 actions. The *Burnett* Third Amended Complaint contains fifteen separate counts alleging claims under the FSIA, the TVPA, the ATA, the ATCA, RICO,[20] negligence, wrongful death, survival, intentional and negligent infliction of emotional distress, aiding and abetting, and conspiracy, and it seeks punitive damages under both the common law and the FSIA. Moreover, the *Burnett* action has approximately 4000 plaintiffs and 200 defendants. This, too, suggests that the D.D.C. is the most appropriate transferee forum, as the Panel has often transferred actions to the judicial district where the broadest action is already pending. *See, e.g.*, *In re Wireless Tel. Servs. Antitrust Litig.*, 249 F. Supp. 2d 1379, 1380 (J.P.M.L. 2003) (centralizing action in district where complaint contained "the broadest class claims of any of the pending actions" and where all parties supported transfer); *In re Midwest Milk Monopolization Litig.*, 379 F. Supp. 989, 991 (J.P.M.L. 1974) (centralizing actions in district containing "the broadest allegations" and where the presiding judge was "totally familiar with the facts of the litigation").

*Third*, given the numerous foreign-relations and national-security concerns implicated by the 9/11 actions, the District of Columbia is an especially appropriate forum. Foreign governments and governmental officials – such as the states of Sudan, Iran, and Iraq, and important members of the Saudi royal family – have been named as defendants in the 9/11 actions, implicating not only the FSIA and sovereign immunity but also concerns pertaining to our Executive Branch's foreign relations with these countries, particularly Saudi Arabia.

---

[20] The *Burnett* plaintiffs' RICO claims were dismissed pursuant to Judge Robertson's recent Order.

Moreover, it goes without stating that the events of September 11, 2001, the investigation into their causes, and the U.S. government's worldwide hunt for their perpetrators implicate matters that cut to the heart of our national security. This Panel has recognized that such serious matters are best handled by the courts of the nation's capital. Accordingly, the Panel has previously chosen the District of Columbia as the transferee forum where "[s]everal governmental agencies located in or near the District of Columbia [were} likely [to] be principal targets of discovery" and where the "air disaster and the resultant litigation implicate[d] sensitive areas of national policy, international relations and military intelligence." *In re Korean Air Lines Disaster*, 575 F. Supp. 342, 343 (J.P.M.L. 1983); *see also In re Air Crash Disaster near Saigon*, 404 F. Supp. 478, 480 (J.P.M.L. 1975). For the same reasons, the D.D.C. should be chosen in this instance as well.

Finally, it should be noted that no sound reason exists in this case for employing the "general rule" that "transportation disaster litigation [should be transferred] to the district that encompasses the situs of the disaster." *In re Amtrak Train Derailment at Frankewing*, 431 F. Supp. 916, 918 (J.P.M.L. 1977). That rule has never been applied as a black-letter law; rather, the Panel has disregarded the rule where "the facts of a particular litigation made another district more appropriate." *In re Air Crash Disaster Near Coolidge*, 362 F. Supp. 572, 572 (J.P.M.L. 1973). Here, not only is the D.D.C. more appropriate for all the reasons stated above, but the logic of the situs-of-the-disaster rule is inapplicable. In the usual airline disaster case, the primary factual questions driving discovery center around the negligent cause of the crash, which is largely unknown. Much of the relevant evidence and witnesses therefore would be located in the jurisdiction where the crash occurred. In the 9/11 actions, however, the cause of the terrorist attacks was not negligence, but known intentional conduct. Accordingly, the factual questions in

the 9/11 actions pertain not to finding the cause of the airline crashes, but rather to identifying the participants in an alleged global conspiracy to commit the terrorist acts. And as noted above, the relevant evidence and witnesses are likely to be located all over the globe. Thus, the reasons underlying the general rule favoring the situs of the crash simply do not apply here and neither should the rule itself. *See, e.g.*, *In re Air Disaster at Denver*, 486 F. Supp. 241, 243 (J.P.M.L. 1980) (rejecting situs of disaster as transferee forum because, *inter alia*, actions would "'have . . . no significant document evidence located in the [situs] area'").

**CONCLUSION**

For the foregoing reasons, the Panel should grant SBG's motion pursuant to 28 U.S.C. § 1407 and transfer and consolidate the actions listed in the Schedule of Actions to a single district for consolidated pretrial proceedings. In addition, SBG respectfully submits that the United States District Court for the District of Columbia is the most appropriate forum for the consolidated proceedings.

Dated: August 7, 2003

Respectfully submitted,

Stephen J. Brogan (D.C. Bar # 939082)
Jonathan C. Rose
Timothy J. Finn
James E. Gauch
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel: (202) 879-3939
Fax: (202) 626-1700

*Attorneys for Defendant SBG*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 21 2003

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| **IN RE SEPTEMBER 11, 2001 TERRORIST ATTACKS LITIGATION** | ) | **MDL DOCKET NO. ____________** |

# SCHEDULE OF ACTIONS

RECEIVED
CLERK'S OFFICE
2003 AUG -7 A 9: 16
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# INDEX[1]

A. ***Ashton, et al. v. Al Qaeda Islamic Army, et al.***, U.S. District Court for the Southern District of New York, 1:02cv6977 (Judge Richard C. Casey), (Consolidated with *Bauer v. Al Qaeda, et al.*, 1:02cv7236, *Beyer v. Al Qaeda, et al.*, 1:02cv6978, *Burlingame v. Osama bin Laden, et al.*, 1:02cv7230, *Mayore Estates v. Al Qaeda et al.*, 1:02cv7214, *Schneider v. Al Qaeda, et al.*, 1:02cv7209, by Order of Judge Allen G. Schwartz, November 19, 2002) . . . 3

B. ***Burnett, et al. v. Al Baraka Inv. and Dev. Corp., et al.***, U.S. District Court for the District of Columbia, 1:02cv1616 (Judge James Robertson) . . . . . . . . . 46

C. ***Doe v. Al Baraka Inv. and Dev. Corp., et al.***, U.S. District Court for the District of Columbia, 1:02cv1980 (Judge James Robertson) . . . . . . . . . . . 130

D. ***Salvo v. Al Qaeda Islamic Army, et al.***, U.S. District Court for the Southern District of New York, 1:03cv5071 (Unassigned, but referred to Judge Alvin K. Hellerstein) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 133

E. ***Tremsky, et al. v. Bin Laden, et al.***, U.S. District Court for the Southern District of New York, 1:02cv7300 (Judge George B. Daniels) . . . . . . . . . 141

F. ***York, et al. v. Al Qaeda Islamic Army, et al.***, U.S. District Court for the Southern District of New York, 1:03cv5493 (Unassigned) . . . . . . . . . . . . 144

G. ***Havlish, et al. v. Bin-Laden, et al.***, U.S. District Court for the District of Columbia, 1:02cv305 (Judge James Robertson) . . . . . . . . . . . . . . . . . . . . . 149

---

[1] Because the docket sheets for many of the involved actions do not accurately reflect those actions' most current parties, SBG, with the permission of the JPML clerk, has instead used the most recent complaints or amended complaints in each action to create this Schedule of Actions. SBG has also submitted separately a courtesy copy of each complaint used in creating this Schedule as well as the current docket sheets from each court. This Schedule of Actions and all accompanying materials are complete and accurate through August 5, 2003.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

AUG 21 2003

FILED CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August, 2003, a true and correct copy of Defendant SBG's Motion for MDL Transfer and Consolidation, Memorandum in Support, and Schedule of Actions was sent by first class mail to all parties identified on the service list attached hereto.

By: ______________________

RECEIVED CLERK'S OFFICE

03 AUG -7 A 9:16

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## SERVICE LIST[1]

***Burnett, et al. v. Al Baraka Inv. and Dev. Corp., et al.*, U.S. District Court for the District of Columbia, 1:02CV1616 (Judge James Robertson)**

**Plaintiffs' Counsel**

Ronald L. Motley, Esq.
Joseph F. Rice, Esq.
Jodi Westbrook Flowers, Esq.
Donald Migliori, Esq.
Michael Elsner, Esq.
Anne McGinness Kearse, Esq.
Elizabeth Smith, Esq.
MOTLEY RICE LLC
28 Bridgeside Boulevard, P.O. Box 1792
Mount Pleasant, SC 29465

Allan Gerson, Esq.
ATTORNEY AT LAW
4221 Lenore Lane
Washington, DC 20008

Harry Huge, Esq.
ATTORNEY AT LAW
Market Street North
401 Ninth Street, N.W., Suite 450
Washington, DC 20004

John D'Amato, Esq.
Guy Molinari, Esq.
RUSSO, SCARNARDELLA & D'AMATO, P.C.
1010 Forest Avenue
Staten Island, NY 10310

William N. Riley, Esq.
R. Douglas Hailey, Esq.
Mark K. Dudley, Esq.
Amy Ficklin DeBrota, Esq.
Mary Beth Ramey, Esq.
ATTORNEYS AT LAW
3815 River Crossing Parkway, Suite 340
Indianapolis, Indiana 46240

Jack Cordray, Esq.
CORDRAY LAW FIRM
40 Calhoun Street
Charleston, SC 29401

Paul J. Hanly, Jr., Esq.
HANLY & CONROY, LLP
415 Madison Avenue
New York, NY 10017-1111

Thomas E. Mellon, Jr., Esq.
John A. Corr, Esq.
Stephen A. Corr, Esq.
MELLON, WEBSTER & SHELLY
87 North Broad Street
Doylestown, PA 18901

Don Howarth, Esq.
Suzelle M. Smith, Esq.
Robert D. Brain, Esq.
HOWARTH & SMITH
800 Wilshire Boulevard, Suite 750
Los Angeles, CA 90017

Samuel L. Davis, Esq.
DAVIS, SAPERSTEIN & SALOMON, P.C.
375 Cedar Lane
Teaneck, NJ 07666

Sanford Rubenstein, Esq.
RUBENSTEIN AND RYNECKI
16 Court Street
Brooklyn, NY 11241

Michael N. Block, Esq.
SULLIVAN, PAPAIN, BLOCK, MCGRATH & CANNAVO, P.C.
120 Broadway Avenue, 18th Floor
New York City, NY 10271

---

[1] SBG has served, by and through their respective counsel: (1) all plaintiffs in all actions, and (2) all defendants that have entered appearances in the actions to date or for whom addresses have been provided. The plaintiffs in these actions have generally not provided addresses for the defendants named in the complaints; thus, SBG has no logistically-feasible means of locating these defendants to effect service prior to their entry of appearance. SBG therefore has served only those defendants listed below and has been unable to serve the remainder of the defendants appearing on the attached Schedule of Actions.

Vincent F. Pitta, Esq.
Milton Mollen, Esq.
HERRICK, FEINSTEIN, LLP
2 Park Avenue
New York City, NY 10016

Robert Conason, Esq.
GAIR, GAIR, CONASON, STEIGMAN & MACKAUF
80 Pine Street
New York City, NY 10005

J.D. Lee, Esq.
LEE, LEE & LEE
422 S. Gay Street
Knoxville, TN 37902

Gary O. Galiher, Esq.
GAILHER, DEROBERTIES, NAKAMURA, ONO & TAKITANI
610 Ward Avenue, Suite 200
Honolulu, Hawaii 96814

Anthony M. Sellitto, Jr., Esq.
OLIVER & SELLITTO
205 Bond Street
Asbury Park, NJ 07712

Kenneth Sacks, Esq.
SACKS AND SACKS, LLP
150 Broadway, 4th Floor
New York, NY 10038

Clare Sproule, Esq.
EPSTEIN BECKER & GREEN, P.C.
250 Park Avenue
New York, NY 10177-1211

George P. Blakely, Esq.
Notre Dame Law School
One Notre Dame Circle
Notre Dame, IN 46556

Edward D. Robertson, Esq.
Mary D. Winter, Esq.
ROBERTSON, FRICKELTON, ROBERTSON & OBETZ
200 Madison Street
Suite 100
Jefferson City, MO 65101

**Defendants' Counsel**

Martin McMahon, Esq.
Christopher Smith, Esq.
MARTIN F. MCMAHON & ASSOCIATES
1150 Connecticut Avenue, N.W.
Suite 900
Washington, D.C. 20036

*Counsel for Saleh Abdullah Kamel*
*Al Baraka Investment & Development Corporation*

Roger C. Simmons, Esq.
Matthew H. Simmons, Esq.
Victor E. Cretella, III, Esq.
GORDON & SIMMONS L.L.C.
131 West Patrick Street
P.O. Box 430
Frederick, MD 21705-0430

*Counsel for Zahir H. Kazmi*

Alan R. Kabat, Esq.
Lynne Bernabei, Esq.
BERNABEI & KATZ, PLLC
1773 T Street, N.W.
Washington, D.C. 20009-7139

*Counsel for Soliman J. Khudeira*
*Al Haramain Islamic Foundation, Inc.*

Christopher M. Curran, Esq.
Frank Panopoulos, Esq.
Nicole Erb, Esq.
WHITE & CASE LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005

*Counsel for Al Rajhi Banking & Investment Corporation*

Maher Hanania, Esq.
Kamal Nawash, Esq.
HANANIA, KHEDER & NAWASH
6066 Leesburg Pike #101
Falls Church, VA 22041

*Counsel for Abdul Rahman Al-Amoudi*
*Tarik Hamdi*
*World Assembly of Muslim Youth*
*Mohammed Hussein Al-Almoudi*

Nancy Luque, Esq.
Donna M. Scheinbach
LUQUE SHEINBACH LLP
818 Connecticut Avenue, Suite 857
Washington, D.C. 20006

*Counsel for Grove Corporate Inc.*
*SAFA Trust*
*Reston Investments, Inc.*
*York Foundation*
*Heritage Education Trust*
*MAR-JAC Investments, Inc.*
*International Institute of Islamic Thought*
*African Muslim Agency*

John D. Skahow, Esq.
KING & SPALDING LLP
1730 Pennsylvania Avenue, N.W.
Washington, D.C. 20006-4706

*Counsel for Arab Bank PLC*

Michael Hadeed, Jr., Esq.
BECKER HADEED KELLOGG AND BERRY, P.C.
5501 Backlick Road, Suite 220
Springfield, VA 22151

*Counsel for Al Haramain Islamic Foundation, Inc.*
*Muslim World League Offices-NY*
*Muslim World League*
*Success Foundation, Inc.*
*Mohamed S. Omeish*

William H. Jeffries, Esq.
Christopher R. Cooper, Esq.
Sara Kropf, Esq.
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400

*Counsel for HRH Prince Sultan bin Abdulaziz Al-Saud*

Louis R. Cohen, Esq.
Gregory S. Chernack, Esq.
WILMER, CUTLER & PICKERING
2445 M Street, N.W.
Washington, D.C. 20037

David P. Donovan, Esq.
WILMER, CUTLER & PICKERING
1600 Tysons Boulevard
10th Floor
McLean, VA 22102

*Counsel for HRH Prince Mohamed al Faisal al Saud*

Mark C. Hansen, Esq.
Michael K. Kellogg, Esq.
Michael J. Guzman, Esq.
KELLOGG, HUBER, HANSEN, TODD & EVANS, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209

*Counsel for HRH Prince Turki Al-Faisal bin Abdulaziz Al-Saud*

Henry S. Weisburg, Esq.
Brian H. Polovoy, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022-6069

Jonathan L. Greenblatt, Esq.
SHEARMAN & STERLING LLP
801 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004-2604

*Counsel for Saudi American Bank*

Roger E. Warin, Esq.
Christopher T. Lutz, Esq.
STEPTOE & JOHNSON L.L.P.
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

*Counsel for Mohammad Abdullah Aljomaih*

Ronald S. Liebman, Esq.
Mitchell R. Berger, Esq.
Ugo A. Colella, Esq.
PATTON BOGGS LLP
2550 M Street, N.W.
Washington, D.C. 20037

*Counsel for National Commercial Bank*

Matthew H. Kirkland
FULBRIGHT & JAWORSKI
801 Pennsylvania Avenue, N.W.
Washington, DC 20004

*Counsel for Nimir Petroleum, LLC*

**_Ashton, et al. v. Al Qaeda et al._, U.S. District Court for the Southern District of New York, 1:02CV6977 (Judge Richard Casey)**

**Plaintiffs' Counsel**

Lee S. Kreindler, Esq.
James P. Krendler, Esq.
Marc S. Moller, Esq.
Justin T. Green, Esq.
Andrew J. Maloney, Esq.
Paul S. Edelman, Esq.
Francis G. Fleming, Esq.
David C. Cook, Esq.
Robert J. Spragg, Esq.
Brian J. Alexander, Esq.
Noah H. Kushlefsky, Esq.
Blanca I. Rodriguez, Esq.
Steven R. Pounian, Esq.
Milton G. Sincoff, Esq.
David Beekman
KREINDLER & KREINDLER
100 Park Avenue
New York, NY 10017

BARASCH MCGARRY SALZMAN PENSON & LIM
11 Park Place
New York, New York 10007

BAUMEISTER & SAMUELS, P.C.
One Exchange Plaza
New York, NY 10006

SPEISER, KRAUSE, NOLAN & GRANITO
Two Grand Central Tower
140 East 45th Street (34th Floor)
New York, NY 10017

LAW FIRM OF AARON J. BRODER & JONATHAN C. REITER
350 Fifth Avenue, Suite 2811
New York, NY 10118

JAROSLAWICZ & JAROS, ESQS.
150 William Street
New York, NY 10038

**Defendant's Counsel**

Louis R. Cohen, Esq.
David P. Donovan, Esq.
WILMER, CUTLER & PICKERING
2445 M Street, N.W.
Washington, D.C. 20037

*Counsel for HRH Prince Mohamed al Faisal al Saud*

***Tremsky, et al. v. Osama Bin Laden, et al.*, U.S. District Court for the Southern District of New York, 1:02CV7300 (Judge John Martin)**

**Plaintiffs' Counsel**

J. David O'Brien, Esq.
ATTORNEY AT LAW
20 Vesey Street, Suite 700
New York, NY 10007

**_Salvo, et al. v. Al Qaeda Islamic Army, et al._, U.S. District Court for the Southern District of New York, 1:03CV5071 (Unassigned)**

**Plaintiffs' Counsel**

Donald J. Nolan, Esq.
NOLAN LAW GROUP
20 North Clark Street
30th Floor
Chicago, IL 60602-410

**_York, et al. v. Al Qaeda Islamic Army, et al._, U.S. District Court for the Southern District of New York, 1:03CV5493 (Unassigned)**

**Plaintiffs' Counsel**

Michael F. Baumeister, Esq.
Dorothea M. Capone, Esq.
Douglas A. Latto, Esq.
BAUMEISTER & SAMUELS, P.C.
One Exchange Plaza
New York, NY 10006

**_Doe v. Al Baraka Inv. and Dev. Corp., et al._, U.S. District Court for the District of Columbia, 1:02CV1980 (Judge James Robertson)**

**Plaintiff's Counsel**

Larry Klayman, Esq.
JUDICIAL WATCH, INC.
501 School Street, S.W.
Suite 725
Washington, D.C. 20024

**_Havlish, et al. v. Bin-Laden, et al._, U.S. District Court for the District of Columbia, 1:02CV305 (Judge James Robertson)**

**Plaintiffs' Counsel**

Thomas E. Mellon, Jr., Esq.
John A. Corr, Esq.
Stephen A. Corr, Esq.
Joseph A. Cullen, Jr., Esq.
MELLON, WEBSTER & SHELLY
87 North Broad Street
Doylestown, PA 18901

Don Howarth, Esq.
Suzelle M. Smith, Esq.
Robert D. Brain, Esq.
HOWARTH & SMITH
800 Wilshire Blvd., Suite 750
Los Angeles, CA 90017

Richard D. Burbidge, Esq.
Stephen B. Mitchell, Esq.
Jefferson W. Gross, Esq.
BURBIDGE & MITCHELL
139 East South Temple, Suite 2001
Salt Lake City, UT 84111

J.D. Lee, Esq.
David C. Lee, Esq.
LEE, LEE & LEE
422 South Gay Street
Knoxville, TN 37902

Ronald L. Motley, Esq.
Jodi Westbrook Flowers, Esq.
Anne McGinness Kearse, Esq.
NESS, MOTLEY, P.A.
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465

Edward H. Rubenstone, Esq.
Marcel L. Groen, Esq.
GROEN, LAMM, GOLDBERG & RUBENSTONE, LLC
Four Greenwood Square, Suite 200
Bensalem, PA 19020

William N. Riley, Esq.
R. Douglas Hailey, Esq.
Mark K. Dudley, Esq.
Amy Ficklin DeBrota, Esq.
Mary Beth Ramey, Esq.
RAMEY, HAILEY & RILEY
3815 River Crossing Parkway, Suite 340
Indianapolis, IN 46240

Donald J. Winder, Esq.
John Warren May, Esq.
WINDER & HASLAM, P.C.
175 West 200 South, Suite 4000
P.O. Box 2668
Salt Lake City, UT 84110-2668

Jacob A. Stein, Esq.
Gerard E. Mitchell, Esq.
Robert F. Muse, Esq.
Patrick A. Malone, Esq.
STEIN, MITCHELL MEZINES
1100 Connecticut Avenue, N.W.
Washington, DC 20036

**Defendants**

The Islamic Republic of Iran
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

The Republic of Iraq
The Iraqi Interest Section
c/o The Algerian Embassy
1801 P Street, N.W.
Washington, DC 20036

Ayatollah Ali Hoseini-Khamenei
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

Iranian Ministry of Information and Security
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

The Islamic Revolutionary Guard Corps
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

Hezbollah
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

The Iranian Ministry of Petroleum
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

Iranian Ministry of Economic Affairs and Finance
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

Iranian Ministry of Commerce
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

Iranian Ministry of Defense and Armed Forces Logistics
The Iranian Interest Section
c/o The Embassy of Pakistan
2204 Wisconsin Avenue, N.W.
Washington, DC 20007

Saddam Hussein
The Iraqi Interest Section
c/o The Algerian Embassy
1801 P Street, N.W.
Washington, DC 20036

Iraqi Ministry of Defense
The Iraqi Interest Section
c/o The Algerian Embassy
1801 P Street, N.W.
Washington, DC 20036

Iraqi Ministry of Finance
The Iraqi Interest Section
c/o The Algerian Embassy
1801 P Street, N.W.
Washington, DC 20036

Iraqi Ministry of Oil
The Iraqi Interest Section
c/o The Algerian Embassy
1801 P Street, N.W.
Washington, DC 20036

Iraqi Intelligence Service
The Iraqi Interest Section
c/o The Algerian Embassy
1801 P Street, N.W.
Washington, DC 20036

Qusai Hussein
The Iraqi Interest Section
c/o The Algerian Embassy
1801 P Street, N.W.
Washington, DC 20036




# NOTICE

**PLEASE SEE OFFICIAL FILES**
**FOR**

**MDL-1570**
**PLEADING 1**
**See pldg. for exhibits A-G**

Michael J. Beck
CLERK OF THE PANEL

August 26, 2003