**1570**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 0 9 2003

FILED
CLERK'S OFFICE



*RELEASED FOR PUBLICATION*

## DOCKET NO. 1570

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001

## BEFORE WM. TERRELL HODGES,* CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ* AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

### TRANSFER ORDER

This litigation presently consists of the six actions listed on the attached Schedule A and pending in two districts as follows: four actions in the Southern District of New York (one of which is a consolidated action encompassing six previously filed complaints), and two actions in the District of District of Columbia.[1] Saudi Binladin Group, a defendant in five of the six MDL-1570 actions, moves the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the District of District of Columbia. With the exception of plaintiffs in one New York action, all responding parties agree on centralization, differing only on the questions of selection of the transferee district and the assignment of the transferee judge.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All MDL-1570 actions present common, complex legal and factual questions concerning the efforts of plaintiffs to hold liable an array of defendants who allegedly promoted, financed, sponsored or otherwise supported the acts of terrorists that led to the deaths and injuries arising from the September 11, 2001 attacks on the United States. Centralization under Section 1407 with respect to these actions is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

*Judges Hodges, Selya and Motz took no part in the decision of this matter.

[1] The Section 1407 motion as originally filed with the Panel pertained to one additional action: *Doe v. Al Baraka Investment and Development Corp., et al.*, D. District of Columbia, C.A. No. 1:02-1980. The request for transfer with respect to this action is now moot because a notice of voluntary dismissal was filed in the action on August 7, 2003, and the action was closed in the District of Columbia district on December 4, 2003. The Panel has also been notified of five additional related actions pending as follows: three actions in the Southern District of New York and one action each in the District of District of Columbia and the Eastern District of New York. Upon completion of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions in accordance with the Panel's Rules. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

OFFICIAL FILE COPY

IMAGED DEC 10 '03

- 2 -

We conclude that the Southern District of New York serves as the nexus for claims resulting from or related to the terrorist-related aircraft crashes of September 11, 2001, and that the district is therefore an appropriate transferee forum for this docket. Some parties have suggested that the Panel, in the event it determined to order centralization in the New York district, should seek an inter-circuit assignment, pursuant to 28 U.S.C. § 292, for the District of District of Columbia's Judge James Robertson (before whom the District of Columbia actions are pending) so that he could serve as the transferee judge in the Southern District of New York. While not unmindful of the careful and conscientious attention that he has given the actions pending before him, we are not persuaded that such an approach is necessary in this docket. We note that Judge Richard C. Casey, before whom the majority of the New York actions are pending, is an experienced Section 1407 transferee judge, and we are confident in our decision to entrust this important and challenging assignment to a distinguished jurist already sitting in the New York district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard C. Casey for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Keenan
Acting Chairman

# SCHEDULE A

MDL-1570 -- In re Terrorist Attacks on September 11, 2001

### District of District of Columbia

*Fiona Havlish, et al. v. Sheikh Usama Bin-Laden, et al.*,
   C.A. No. 1:02-305
*Thomas Burnett, et al. v. Al Baraka Investment & Development Corp., et al.*,
   C.A. No. 1:02-1616

### Southern District of New York

*Kathleen Ashton, et al. v. Al Qaeda Islamic Army, et al.*, C.A. No. 1:02-6977
*Walter Tremsky, et al. v. Osama Bin Laden, et al.*, C.A. No. 1:02-7300
*Gladys Salvo, et al. v. Al Qaeda Islamic Army, et al.*, C.A. No. 1:03-5071
*Chiemi York, et al. v. Al Qaeda Islamic Army, et al.*, C.A. No. 1:03-5493