UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 248
DATE FILED: 6-16-04

03 MDL 1570 (RCC)
ECF Case

Case Management
Order #3

*This document relates to*:     All actions

**Richard Conway Casey, United States District Judge:**

**Organization of Counsel**

1.  There shall be one Plaintiffs' General Steering Committee ("General Committee"), which shall operate through two Plaintiffs' Executive Committees, one representing the interests of the plaintiffs who have asserted wrongful death and/or personal injury claims and the other representing the interests of the plaintiffs asserting commercial claims, including property damage claims, subrogation claims, claims for certain workers' compensation benefit payment liens in regard to wrongful death and/or personal injury claims, and wrongful death and personal injury claims which have been assigned to workers' compensation insurers.

2.  The General Committee shall be composed of members to be appointed by the Chairs of the two Plaintiffs' Executive Committees. Plaintiffs' Executive Committee Chairs have the authority to jointly and or remove Plaintiffs' General Committee members as the needs of the litigation dictate. They also have authority to jointly establish subcommittees for particular duties and to appoint subcommittee chairpersons.

3.  The Plaintiffs' committees shall coordinate discovery and motion papers to the extent

1

practicable to promote judicial economy, avoid duplicative effort, and limit the burden on parties responding to discovery. The Court expects the Plaintiffs' committees to coordinate discovery and pretrial proceedings, it is not the intent of this order and organization plan to limit the ability or right of the various Committees to advance substantive positions in the interests of the their constituencies. At this stage of this complex litigation the Court requires procedural efficiency, and not necessarily uniformity, on substantive issues.

4. The Court designates Ronald L. Motley of Motley Rice LLC and James P. Kreindler of Kreindler & Kreindler LLP as Co-Chairs of the Plaintiffs' Executive Committee for Personal Injury and Death Claims. The Court designates Elliot R. Feldman and Sean P. Carter of Cozen O'Connor as Co-Chairs of the Plaintiffs' Executive Committee for Commercial Claims.

5. The Court designates Paul J. Hanly, Jr. of Hanly Conroy Bierstein & Sheridan LLP and Justin T. Green of Kreindler & Kreindler LLP to serve as Co-Liaison Counsel to the Plaintiffs' Executive Committee for Personal Injury and Death Claims. The Court designates J. Scott Tarbutton of Cozen O'Connor to serve as Liaison Counsel to the Plaintiffs' Executive Committee for Commercial Claims.

6. The following attorneys shall be members of the Plaintiffs' Executive Committee for Personal Injury and Death Claims:

   Ronald L. Motley of Motley Rice LLC;

   Donald Migliori or Michael Elsner of Motley Rice LLC;

   Jodi Flowers or Bob Haefele of Motley Rice LLC;

        Paul Hanly or Jayne Conroy or Andrea Bierstein of Hanly Conroy Bierstein & Sheridan LLP;

        Harry Huge, Allan Gerson or Jack Cordray;

        James P. Kreindler of Kreindler & Kreindler LLP;

        Justin T. Green or Andrew J. Maloney of Kreindler & Kreindler LLP;

        Marc S. Moller of Kreindler & Kreindler LLP;

        Ken Nolan or Frank Granito, III of Speiser Krause Nolan & Granito;

        Michel Baumeister or Thea Capone of Baumeister & Samuels, P.C.;

        Thomas E. Mellon Jr. of Mellon, Webster & Shelley or Dennis G. Pantazis of Wiggins, Childs, Quinn and Pantazis;

        Richard Hailey of Ramey & Hailey or J.D. Lee of Lee, Lee & Lee; and

        Joshua M. Ambush.

7. The following attorneys shall be members of the Plaintiffs' Executive Committee for Commercial Claims:

        Stephen A. Cozen of Cozen O'Connor;

        Elliot R. Feldman of Cozen O'Connor;

        Sean P. Carter of Cozen O'Connor;

        J. Scott Tarbutton of Cozen O'Connor;

        Mark T. Mullen of Cozen O'Connor.

8. The designation of Co-Chairs, Co-Liaison Counsel, Plaintiffs' Executive Committee members, and Plaintiffs' General Committee members set forth above shall be in effect for a period of 120 days. On or before the 120th day following the date of this Order, if requested by any Committee Chair, the Court will hold a status conference to assess

whether any aspect of these designations should be altered.

9. The two Executive Committees shall coordinate and, wherever possible, submit joint discovery demands, discovery responses, and other filings regarding all matters common to the Individual Actions. The Chairs shall ensure that all plaintiffs act together where possible in an effort to avoid duplicative filings. Each Plaintiffs' Executive Committee shall have final authority with respect to matters pertaining to the claims of its constituencies.

10. The Plaintiffs' Executive Committee shall conduct all pretrial proceedings involving common legal and factual issues, whether relating to liability or damages, on behalf of all plaintiffs. The members of the Plaintiffs' General Committee shall, at the request of the Plaintiffs' Executive Committees, provide assistance as required in handling the liability pretrial proceedings.

11. In order to fulfill its responsibilities, the Plaintiffs' Executive Committees are authorized to, among other things:

    a. Prepare, serve, and file motion papers and argue motions;

    b. Prepare, serve and file interrogatories, requests for admissions, document requests and other necessary discovery;

    c. Prepare, serve and file answers and responses to defendants' discovery to the extent that such discovery involves common issues;

    d. Prepare for and conduct depositions;

    e. Enter into fact stipulations with the defendants;

    f. Consult and hire expert consultants and witnesses; and

4

g. Otherwise coordinate the work of plaintiffs' counsel and perform such other functions as necessary and appropriate to complete pretrial proceedings in the Consolidated Action and/or as may be authorized by the Court.

12. The Co-Chairs of each of the Plaintiffs' Executive Committees shall jointly chair meetings of their respective Committees, and shall jointly appoint chairs of subcommittees and assign responsibilities to Committee members or others, as necessary. The chairs shall jointly distribute all work assignments in such a manner as to promote the orderly and efficient conduct of this litigation, and shall avoid unnecessary duplication and unproductive effort. Decisions of each Plaintiffs' Executive Committee shall be made upon the concurrence of the Co-Chairs of that Committee.

13. The Plaintiffs' Executive Committee shall periodically report to the Plaintiffs' General Committee and all other plaintiffs' attorneys regarding the progress of liability proceedings. Any plaintiffs' attorney may give advice and suggestions to the Plaintiffs' Executive Committees; may, when necessary, present individual and divergent positions to the positions of the Plaintiffs' Executive Committees at pretrial conferences; and may attend all depositions and suggest areas of inquiry and questions to the Plaintiffs' Executive Committees.

14. Liaison Counsel to the Plaintiffs' Executive Committees in a coordinated fashion on behalf of their respective constituencies shall:

    a. Assist their respective Co-Chairs in all of their duties;

    b. Receive on behalf of the attorneys for all plaintiffs notice of all Court Orders and Notices of Pretrial Conferences and act as the primary contact between the Court

5

and plaintiffs' counsel;

c. Receive service of all papers filed by the defendants;

d. Serve, on behalf of the Plaintiffs' Executive Committees, the defendants' attorneys with all papers;

e. Coordinate scheduling of depositions with defendants and Plaintiffs' Executive Committees;

f. Maintain all prospective liability files;

g. Maintain a current service list of all Plaintiffs' and Defendants' attorneys;

h. Send to all plaintiffs' attorneys periodic progress reports of their respective Plaintiffs' Executive Committees regarding pretrial liability proceedings and, upon receipt of comments and suggestions, promptly distribute them to the Plaintiffs' Executive Committees;

i. Perform other functions as requested by the Plaintiffs' Executive Committees and the Court;

j. Maintain the Committees' expense accounts;

k. Maintain financial records and accounts of receipts and disbursements for liability expenses and periodically report them to the Plaintiffs' Executive Committees;

l. Ultimately account for all receipts and payments to all plaintiffs' attorneys and the Court; and

m. Maintain minutes of Plaintiffs' Committee meetings.

15. The Plaintiffs' Executive Committee for Personal Injury and Death Claims shall agree upon and present to the Court for approval a proposal for an initial assessment for

6

Case MDL No 1570 Document 87 Filed 02/22/17 Page 7 of 9

liability expenses, pursuant to which plaintiffs will advance to the Liaison Counsel appropriate assessments payable to "September 11, 2001 Terror Litigation Personal Injury Liability Expense Fund" for deposit in a special expense account to be maintained by Co-Liaison Counsel for personal injury and death claims. Subsequent requests for funding similarly shall be presented by the Plaintiffs' Executive Committee for Personal Injury and Death Claims to the Court for approval. All such assessments shall be subject to final accounting at an appropriate time. In the event that multiple plaintiffs file separate and multiple lawsuits on account of the death or injury of the same individual killed or injured as a result of the September 11, 2001 terrorist attack, said expenses shall be shared by such plaintiffs equally.

16. The Plaintiffs' Executive Committee for Commercial Claims, if necessary, will assess attorneys representing clients with commercial claims, as defined above, for liability expenses incurred pursuant to a similar process to that set forth for the Executive Committee for Personal Injury and Death Claims.

17. The Plaintiffs' Executive Committees shall deposit and invest all assessments in respective interest bearing bank accounts or United States Treasury Bills, and shall pay reasonable liability expenses subject to final accounting and approval by this Court. Accounts maintained by the Plaintiffs' Executive Committee for Commercial Claims shall be separate. Each Committee shall be responsible for its own assessment of expenses and neither Committee shall be entitled to impose assessments on the clients or constituents of the other Committee, absent agreement between the Committees.

18. All communications, including e-mail communications among the Plaintiffs' Committee

members, between the Plaintiffs' Committee members and any attorney for a plaintiff or claimant and any plaintiff or claimant, and all communications among defense counsel shall be deemed to be embraced by the attorney-client privilege and/or work product doctrine, if the privilege or doctrine is otherwise applicable, and all of said persons shall maintain the confidentiality of said communications.

**Document Depository**

19. *Discovery Materials*: Going forward, a plaintiffs' document depository will be established to house and organize the discovery materials produced in this litigation for the use of the plaintiffs in these consolidated proceedings. The plaintiffs' document depository will be overseen by Liaison Counsel for the plaintiffs. Liaison Counsel may hire independent vendors to assist with the housing and organization of discovery materials where appropriate. Where possible, Liaison Counsel will make discovery materials available to the parties in an electronic format. The costs of the discovery depositories will be shared among the parties subject to a cost sharing agreement to be agreed upon. In the event no cost sharing agreement is reached, the Court will make a determination regarding the appropriate sharing of costs of the repository. Counsel in this Consolidated Action shall have reasonable access to the discovery materials produced by the parties and available in the depository, including but not limited to interrogatory responses, responses to requests for production and all responsive documents produced by the parties, answers to request admission, deposition transcripts and exhibits, hearing transcripts, witness statements, corporate disclosure statements, expert witness reports and reliance materials.

8

20. *Investigative Materials*: The Court is informed and recognizes that independent investigations have been undertaken by various plaintiffs' counsel. Certain investigative materials gathered by individual counsel in the course of their independent case investigations may constitute attorney work product. All documents and investigative materials obtained prior to the date of this order, and their translations, will be shared only with counsel having the same interests and subject to an agreement regarding the sharing of costs and expenses of obtaining, producing, and translating said investigative materials and attorney work product. The Plaintiffs' Executive Committee shall make a good faith effort to resolve the cost-sharing issues relevant to independent investigative materials. Any challenges to claims of work product as to investigative materials will be determined by the Court.

21. *Translations*: The cost of translating documents produced by non-parties or for which no existing translation exists, including documents already translated in any of the Individual Actions, will be shared by those wishing to access the information under a cost-sharing agreement to be agreed upon by plaintiffs' counsel.

So ordered.

_Richard Conway Casey_
Richard Conway Casey, U.S.D.J.

Dated:
June 15, 2004
New York, New York